[Civil No. 597.　Filed April 16, 1898.]

[53 Pac. 176.]

GEORGE PUSCH, Defendant and Appellant, v. R. G. BRADY, Plaintiff and Appellee.

1. ELECTIONS—CONTEST—OFFICIAL CANVASS—PRIMA FACIE CORRECT—MAY BE OVERCOME BY RECOUNT OF BALLOTS CAST.—In a contested election case, the *prima facie* correctness of the official canvass ,stands until overcome by a recount of the ballots cast.

2. SAME—SAME—BALLOTS—EVIDENCE—ADMISSIBILITY.—The ballots that were cast at the election, and which have been preserved in compliance with the mode prescribed by statute, are admissible in evidence to overcome the *prima facie* correctness of the official canvass. Only those ballots which were actually voted at the election will be counted in the recount before the court for that purpose.

3. SAME—SAME—SAME—REJECTED BALLOTS—MAY BE ADDED TO COUNT WHERE ENTITLED TO BE.—Ballots voted at the election which were rejected by the election board, and counted in the return as "rejected ballots," found among the ballots in the recount in the contest, are evidence of what they present; and it is competent to add to the count for the contestant any ballots determined to be so entitled.

4. SAME—SAME—SAME—NOT THOSE VOTED AT ELECTION NOT ADMISSIBLE—PAROL TESTIMONY AS TO HOW VOTED , NOT ADMISSIBLE.—Ballots presented in a contest, and found by the court not to be the same ballots that were voted at the election, have no controlling effect; and oral testimony as to the similarity of said ballots to those rejected, or as to how the rejected ballots were marked, or what they would show if presented, or for what candidate voted, is not admissible to authorize such ballots to be counted.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima.  J. D. Bethune, Judge.  Reversed.

The facts are stated in the opinion.

Charles W. Bowman, and C. W. Wright, for Appellant.

Barnes & Martin, for Appellee.

For briefs, see case of *Oakes* v. *Finlay, ante,* p. 390.

DOAN, J.—This was an action brought in the district court of Pima County, by R. G. Brady against George Pusch, to contest an election held in the city of Tucson, Arizona, on the fourteenth day of December, 1896, at which the parties above named were candidates for the office of councilman of the second ward of the city of Tucson.  The returns of the election board showed that George Pusch received one hundred and fifty-four votes, and that R. G. Brady received one hundred and fifty-one votes.  The city council of the city of Tucson thereafter, on the sixteenth day of December, met and canvassed the returns, and declared that George Pusch, the appellant, was duly elected to the office of councilman of the second ward of the said city of Tucson, and issued to him the certificate of such election.  The appellee, R. G. Brady, filed his petition in the district court, and alleged that the board of election in the second ward of the said city did not correctly count the ballots cast at said election in the said ward, and demanded a recount by the court of the votes cast at said election in the said second ward of the said city for the said office of councilman of the second ward, and that upon such count the court give to the petitioner the votes legally cast for him for said office of councilman, and find and determine what number of votes in the said second ward of said city at the said election were cast for the petitioner and for the appellant herein.  The case was tried to the court, sitting without a jury, at a special term of the district court of Pima County, on the fourth day of January, 1897; Messrs. Barnes & Martin and Charles Blenman appearing as counsel for R. G. Brady, contestant, and Messrs. Thomas F. Wilson and Charles Bowman appearing as attorneys for George Pusch, contestee.  Witnesses on the part of contestant and contestee

were sworn and examined. The ballots cast at the said election were presented and offered in evidence. The ballots that has been voted and counted for the several candidates, including the two contestants, were strung upon a long string. There were ten ballots, marked "Exhibit A," strung upon a short string, and purporting to have been rejected and not counted by the election board. The officers of the election board having testified that these were not the ballots that had been rejected by them, the court sustained the "motion of counsel for contestee that the ten rejected ballots filed as Exhibit A be not counted." Of the ballots to which there was no objection made by either party, there were for contestant, Brady, one hundred and fifty-three, and for contestee, Pusch, one hundred and fifty-four. S. B. Conley, one of the election board, testified that "the ballots on the string of ten ballots found in the package are not the ten ballots rejected by the election board. Of the ten ballots which were rejected, Exhibit 1 is a facsimile of seven of them that were, as a matter of fact, rejected by the election board." J. E. Magee, the inspector of the election, testified substantially the same as Conley on this point. Fred G. Hughes testified that seven of the ten rejected ballots were marked just like the ones on the string, and he thought they were the same ones, but could not be sure. The court thereupon held that seven of the votes represented by the ballots thus rejected be counted for contestant, Brady. Contestee objected on the ground that as these were not the identical ballots the court could not hear oral testimony to show the contents of the ballots that had been rejected, which objection the court overruled. The court thereafter held that there were one hundred and fifty-three votes cast for contestant, Brady, in the said second ward which were not objected to, and one ballot found in the package counted for Brady, and of the ten rejected votes the court ordered that there should be added seven votes, making the total for Brady, contestant, one hundred and sixty-one votes, as against one hundred and fifty-four votes for contestee, Pusch. The court therefore found that Brady was elected to said office, and gave judgment accordingly, from which judgment and the order denying a new trial contestee appealed, and brings the case to this court.

The appellant has presented one assignment of error, that

"The court erred in receiving parol evidence of the contents of the ten rejected ballots." Following the authorities cited and the decision rendered in the case of *Oakes* v. *Finlay* (just decided by this court), *ante,* p. 390, 53 Pac. 173, we hold that in a contested election case the *prima facie* correctness of the official canvass stands until overcome by a recount of the ballots cast. The ballots that were cast at the election, and which have been preserved in compliance with the mode prescribed by statute, are admissible in evidence to overcome the *prima facie* correctness of the official canvass. But when a resort to the ballots is had to overcome the returns of the election as shown by the official canvass only those ballots will be counted in the recount before the court for that purpose which were actually voted at the election. The ballots voted at the election which were rejected by the election board, and counted in the returns as "Rejected ballots," and are found among the ballots on the recount in the contest, are evidence of what they present; and it is competent for the court to add to the count for contestants any ballots from such list that he may determine from a careful and critical examination to be so entitled; but a string of ballots marked "Rejected ballots," taken from the package of ballots presented in the contest, and found by the court not to be the same ballots that were voted at the election, have no controlling effect; and the oral testimony of election officers and bystanders as to the similarity of said ballots to those that were rejected, or in regard to how the ballots which were actually rejected were marked, or what they would show if presented, or for what candidate voted, is not admissible to authorize such ballots to be counted for the contestant, as one of several candidates voted for on said ballots at such election. *Hartman* v. *Young,* 17 Or. 150, 11 Am. St. Rep. 787, 2 L. R. A. 596, 20 Pac. 17. In this instance the recount of the ballots actually voted at the election supported the returns as shown by the official canvass. The *prima facie* correctness of the returns thus supported by a recount of the ballots actually cast, and the presumption that the election officers discharged their duties faithfully and correctly, are of more controlling character than the parol testimony of witnesses in regard to how the rejected ballots were voted, unsupported by the ballots thus claimed to have been im-

properly rejected, given after election, and when it is known that a certain number of votes would change the result of the election. Such evidence should not be permitted to disturb the result of the election as shown by the official returns and thus supported by a recount of the ballots actually cast. The judgment is therefore reversed and the case remanded, with direction to the district court to enter judgment for the contestee.

Street, C. J., Sloan, J., and Davis, J., concur.